IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONALD RAY STEVENS, et al.,

Plaintiffs,

v.                                                    CIVIL ACTION NO.   2:13-cv-31719

MICHAEL THORNSBURY, et al.,

Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending before the Court is Plaintiffs Donald Ray Stevens and Ruby Stevens' motion to remand this case to the Circuit Court of Kanawha County, West Virginia [ECF 7].   Also pending is Defendant C. Michael Sparks' motion for leave to file a surreply [ECF 18].   For the reasons that follow, the Court **GRANTS** the motion to remand and **DENIES** the motion for leave to file a surreply.

*I.      BACKGROUND*

On October 30, 2013, Plaintiffs filed their Complaint in Kanawha County Circuit Court alleging violations of their federal civil rights in violation of 42 U.S.C. §§ 1983, 1985, and 1986, as well as various state law claims.   In their Complaint, Plaintiffs named the following Defendants: Michael Thornsbury (former Mingo County, West Virginia Circuit Court Judge); C. Michael

Sparks (former Mingo County Prosecuting Attorney); C. David Rockel (former Chief of Police of the City of Williamson, West Virginia); Williams Davis (a Mingo County resident); the West Virginia Supreme Court of Appeals; the Mingo County Commission; the City of Williamson; and two John Does.

Counsel for Defendant City of Williamson accepted service for the City on November 13, 2013 (ECF 13–1).   Defendant C. Michael Sparks was served with the Complaint and Summons on November 18, 2013 (ECF 1–2).   On December 10, 2013, Defendant Sparks filed his Notice of Removal (ECF 1) removing the case to this Court invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331.   On December 11, 2013, Defendant Sparks filed his motion to dismiss (ECF 3) this case.

On December 23, 2013, Plaintiffs moved to remand this case to Kanawha County Circuit Court and requested an award of attorneys' fees.   On January 7, 2014, Defendant Sparks filed his response in opposition to the motion to remand (ECF 12).   On January 14, 2014, Plaintiffs filed their reply (ECF 13).   Accordingly, this matter is ripe for adjudication.

## II.   DISCUSSION

### A.   Removal Procedure under 28 U.S.C. § 1446

Federal courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.   28 U.S.C. § 1331.   Subject to limited exceptions, a defendant may remove a case from state court to federal court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."   *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th

Cir. 1994).   All doubts regarding the jurisdiction of this Court to hear a case will be resolved in favor of remand.   *Id.   See also Wickline v. Dutch Run–Mays Draft, LLC*, 606 F. Supp. 2d 633 (S.D. W. Va. 2009).   "The policy of the statute calls for its strict construction."   *Healy v. Ratta*, 292 U.S. 263, 270 (1934); *see also Able v. Upjohn Co.*, 829 F.2d 1330, 1332 (4th Cir. 1987) (stating that "congressional desire to restrict removal has been understood to require that doubts about the propriety of removal be resolved in favor of retained state court jurisdiction"). Generally, the propriety of the Court's jurisdiction over a removed action is evaluated in light of the record as it existed at the time of removal.   *Wickline*, 606 F. Supp. 2d at 635.   "[T]he failure of all defendants to join in or otherwise consent to a notice of removal constitutes a defect other than lack of subject matter jurisdiction, which is waived unless it is raised in a motion to remand within thirty days after the filing of the notice of removal under section 1446(a)." *Miller ex rel. Estate of Dimas v. Morocho Brother's Constr., Inc.*, No. 1:03CV00924, 2004 WL 727040, at *4 (M.D.N.C. Mar. 31, 2004) (citing 28 U.S.C. § 1447(c)) and *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 935 (D. Md. 1997) ("[T]he consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction.")).

When a case, such as this one, is removed solely under § 1441(a), all properly joined and served defendants must consent to or join the notice of removal.   28 U.S.C. § 1446(b)(2)(A).   In such cases, each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons to file the notice of removal.   28 U.S.C. § 1446(b)(2)(B).   "Because the right of removal is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal."   *Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 697 (S.D.

W. Va. Jul. 29, 1999) (citing *Moore's Federal Practice*, § 107.11[1][c]).  "[A] notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal."  *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013). The filing requirements of § 1446 are mandatory, thus, "there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service."  *Lloyd*, 58 F. Supp. 2d at 697 (quoting *Wilkins v. Correctional Medical Sys.*, 931 F.2d 888 n.2 (4th Cir. 1991)).

A removing defendant carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter.  *Bengfort v. Twist*, Civil Action No. 2:11–cv–00174, 2011 WL 2111893 at *2 (S.D. W. Va. May 26, 2011) (Goodwin, J.) (citing *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted) and *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted)).

B.    *Analysis*

Plaintiffs contend, among other matters, that this case should be remanded because Defendant Sparks failed to obtain Defendant City of Williamson's consent to join in the removal of this case at the time of the removal.   Plaintiffs have tendered evidence that Defendant City of Williamson accepted service of Plaintiffs' Complaint on November 14, 2013, and Defendant Sparks does not contest the accuracy of this evidence.

The Court concludes that Defendant Sparks's Notice of Removal is deficient, Plaintiffs have timely and meritoriously objected to the deficiency, and this case must therefore be remanded

to state court.    The record shows that Defendant City of Williamson was a properly served defendant within the meaning of 28 U.S.C. § 1446(b)(2)(A) whose consent to the removal of this case was required within the thirty-day window mandated by 28 U.S.C. § 1446(b).   Defendant Sparks' December 10, 2013, Notice of Removal fails to offer any statement whether Defendant City of Williamson (or any other defendant for that matter) consented to the removal of this case. The Notice of Removal also fails to offer any statement why the consent of one or more Defendants would be unnecessary.   These deficiencies alone make the Notice of Removal defective.   *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 727 (D. Md. Apr. 26, 2006).

In his response to Plaintiffs' motion to remand, Defendant Sparks unequivocally asserts that he was not obligated to obtain unanimous consent of his co-Defendants to the removal of this case because "at the time of removal of this civil action to federal court, Mr. Sparks was the only defendant who had been properly served with process."   (ECF 12 at 4.)   It is, however, no excuse that Defendant Sparks was not aware that the City of Williamson had been served.   Sparks had an obligation under Rule 11(b) to exercise reasonable diligence to ascertain whether consent by any of his co-Defendants would be required.   The salient fact remains that Defendant City of Williamson, in contravention of the plain command of section 1446(b)(2), failed to consent and join in the removal of this case within the thirty-day statutory deadline.   As such, Defendant Sparks's Notice of Removal is procedurally defective, Plaintiffs have not waived the defect, and remand to state court is appropriate.

Two other matters merit only brief mention.   First, apparently in an effort to cure Defendant Sparks' procedural blunder, the City of Williamson filed its "Consent to Removal"

5

(ECF 17) on January 16, 2014.[1]   This filing is more than two months after the City accepted service of Plaintiffs' Complaint and more than thirty days after Defendant Sparks filed the Notice of Removal.   The error in not obtaining the City of Williamson's consent is incurable because the thirty-day filing requirements of § 1446 are "mandatory" and "there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal [notice] within 30 days of service."   *Lloyd*, 58 F. Supp. 2d at 697.

Second, Defendant Sparks, who was obviously oblivious to his procedural misstep at the time he filed his response to the motion to remand, has filed a motion for leave to file a surreply. In that motion, Defendant Sparks argues that he had no notice that Defendant City of Williamson had been served because Plaintiffs had not filed any return of service with the Kanawha County Circuit Court within the time required by West Virginia Rule of Civil Procedure 4(i).[2]   The Court rejects this contention for three reasons.   First, the time limits under section 1446 are not tied to the date of *return* of service in a state court clerk's office, but rather are expressly tied to *service* of the initial pleading or summons on a defendant.   Section 1446 is plain, unambiguous, and subject to strict construction by this Court.   Any complaint that Defendant Sparks might have with application of this federal procedural rule lies with Congress and not this Court.   Second, in support of his response to the motion to remand, Defendant Sparks tenders a copy of the state court

[1]   The record shows that none of the remaining Defendants have ever filed consents to the removal of this case.

[2]   Rule 4(i) provides:

> **(i)   Proof of Service or Publication**.   The person serving the process or order or publishing a notice or order shall make proof of service of publication to the court promptly and in any event within the time during which the person served must respond to the process, notice, or order.   If service is made by a person other than the sheriff or clerk, that person shall make proof thereof by affidavit.   Failure to make proof of service or publication within the time required does not affect the validity of the service of the process, notice, or order.

6

docket sheet, presumably because it does not reflect any return of service for any defendant.   But as Plaintiffs point out, the docket sheet reflects the fact that on December 16, 2013, Defendant City of Williamson filed a motion to dismiss in state court.   It appears that at the time Defendant Sparks filed his December 10, 2013, Notice of Removal, Defendant Sparks was simply ignorant of the fact that the City of Williamson had in fact accepted service.   But by the time he filed his response to the motion to remand, the state docket sheet should have alerted Defendant Sparks that the City of Williamson had in fact been served.   Thus, Defendant Sparks' representation to this Court that he was the only properly served defendant at the time of the removal is simply incorrect. Defendant Sparks, after reasonable inquiry as required by Federal Rule of Civil Procedure 11(b), should have known that this inaccurate representation lacked evidentiary support.

Third and finally, litigation is an adversarial process.   As just noted, at the time Defendant Sparks responded to the motion to remand he should have known that the City of Williamson had in fact been served.   The proper time to mount the argument concerning Plaintiffs' failure to file a return of service with the Kanawha County Circuit Court's Clerk's office was in *that* response— not in a surreply.   Surreplies are discouraged in this Court and are permitted only with leave of Court under Local Rule 7.1.   Failure to raise issues that should have been raised in an oppositional response is not grounds for invoking this Court's indulgence.   The motion to file a surreply is **DENIED**.

### III.   CONCLUSION

For the reasons stated, the Court **GRANTS** Plaintiffs' motion to remand [ECF 7], **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia for further

proceedings.   The Court **DENIES** Plaintiffs' request for attorney's fees.   The motion to file a surreply is **DENIED** [ECF 18].

       **IT IS SO ORDERED.**

       The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

          ENTER:      August 13, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE